Maravilla Campos v. Garland
BIA
Kolbe, IJ
A206 879 638

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-three.

PRESENT:
         RICHARD C. WESLEY,
         STEVEN J. MENASHI,
         EUNICE C. LEE,
              *Circuit Judges.*

_____

DINA MARIBEL MARAVILLA CAMPOS,
         *Petitioner,*

         v.                                      20-2582
                                                 NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:              Bruno Joseph Bembi, Hempstead, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Taryn L. Arbeiter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dina Maribel Maravilla Campos, a native and citizen of El Salvador, seeks review of a July 7, 2020 decision of the BIA affirming a July 9, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dina Maribel Maravilla Campos,* No. A 206 879 638 (B.I.A. July 7, 2020), *aff'g* No. A 206 879 638 (Immigr. Ct. N.Y. City July 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). When we

2

review adverse credibility determinations, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing an adverse credibility determination "under the substantial evidence standard").

A trier of fact may base a credibility determination on "the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of

3

the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. In this case, substantial evidence supports the agency's adverse credibility determination.

Maravilla Campos alleged in her application and testimony that a man attempted to rape her because of her membership in the Farabundo Martí National Liberation Front ("FMLN"). In contrast, at her credible fear interview, she said she believed the man tried to rape her because she is an orphan and has no protection. At the interview, she answered no when asked if she feared something would happen to her because of her political opinion or any other protected ground. Moreover, she testified that a warning note left at her home warned her against supporting the FMLN, but at the interview she stated only that the note warned her against going to the police. The IJ did not err in relying on her statements at the credible fear interview because the record of that

4

interview bore sufficient indicia of reliability. It was memorialized in a typed list of questions and answers; the interview was conducted through an interpreter in Maravilla Campos's native language of Spanish; she did not contend that she did not understand the questions; and the interviewer "explained the purpose of the interview, the importance of providing full and accurate testimony, and the fact that [she] could ask for clarification at any point during the proceedings." *Ming Zhang v. Holder,* 585 F.3d 715, 725 (2d Cir. 2009).

The inconsistencies between her testimony, application, and credible fear interview provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 (noting that the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible"); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies

5

would so preclude even more forcefully."). The agency was not required to credit her explanation that she was nervous or afraid to speak about the FMLN during her interview, or that the interviewer told her to be as brief as possible, particularly because she answered no to a direct question about whether she had been harmed because of her political opinion. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Moreover, she did not rehabilitate her claim with reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Her sister who testified had little knowledge of her alleged political activities and had not witnessed the attack, and an affidavit from another sister

6

was vague, stating that Maravilla Campos left El Salvador to earn more money to support their siblings, she was afraid of assassination, and her support of the FMLN caused problems of a different nature. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (holding that the weight of documentary evidence is within the agency's discretion); *Likai Gao*, 968 F.3d at 149 (holding that IJ acted within her discretion in discounting evidence from interested witnesses who were unavailable for cross-examination).

In sum, the discrepancies between Maravilla Campos's interview statements and her testimony regarding the motivation for the attempted rape and warning, as well as the lack of reliable corroboration, constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d 145 n.8; *Biao Yang*, 496 F.3d at 273. This adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court